UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICKY R. BRYAN                       ]
    Petitioner,                      ]
                                     ]
v.                                   ]        No. 3:07-0371
                                     ]        Judge Trauger
CHERRY LINDAMOOD, WARDEN[1]          ]
    Respondent.                      ]


MEMORANDUM

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Cherry Lindamood, Warden of the facility, seeking a writ of habeas corpus.

In June, 1995, a jury in Rutherford County found the petitioner guilty of first degree murder. The trial judge, however, acting in his capacity as thirteenth juror, granted the petitioner's motion for a new trial.

The petitioner was retried and was again convicted of first degree murder. For this crime, he received a sentence of life imprisonment with the possibility of parole. On direct appeal, a panel of the Tennessee Court of Criminal Appeals found that a statement given by the petitioner to the police had been erroneously admitted into evidence. The petitioner's second conviction,

---

[1] In his petition, the petitioner names the State of Tennessee as respondent to this action. The proper respondent, however, is the "person who has custody over him." 28 U.S.C. §2242. Because the petitioner is currently confined at the South Central Correctional Center, its Warden, Cherry Lindamood, is the properly named respondent.

1

therefore, was reversed and the case was remanded back to the trial court for a third trial. State v. Bryan, 990 S.W.2d 231 (Tenn. Crim. App. 1998).

In August, 2002, a third jury found the petitioner guilty of first degree murder. He was given a sentence of life imprisonment without the possibility of parole. Docket Entry No. 10; Addendum No. 1 at pg. 26. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 10; Addendum No. 5. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No. 10; Addendum No. 8.

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of Rutherford County. Docket Entry No. 10; Addendum No. 9 at pgs. 2-5. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. Docket Entry No. 10; Addendum No. 9 at pgs. 31-33. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 10; Addendum No. 13. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review. Docket Entry No. 10; Addendum No. 16.

On April 5, 2007, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. The petition contains three claims for relief. These claims include:

    (1)    the petitioner was denied the effective assistance of counsel when his attorney failed to introduce evidence of third party guilt in the homicide;[2]

    (2)    the trial judge erred when he allowed the introduction of false (map) and fabricated (bank card statement) evidence; and

---

[2] At his third trial, the petitioner was represented by Gerald Melton, the District Public Defender for Rutherford County.

(3) the petitioner was threatened by a police interrogator with a whipping "if he did not admit to using victim's bank card".

The Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court are the petition, respondent's Answer (Docket Entry No. 8) to the petition, and the petitioner's Response (Docket Entry No. 13) to the Answer. Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion

3

Case 3:07-cv-00371   Document 15   Filed 05/30/07   Page 3 of 7 PageID #: 1215

requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

The petitioner alleges that evidence was wrongly introduced (Claim No. 2) and that the police coerced a statement from him (Claim No. 3). A review of the record shows that these issues were never offered to the state courts at any level for consideration. *See* Docket Entry No. 10; Addenda Nos. 3 and 11. To properly satisfy the exhaustion requirement, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir.1996). In the case of those claims that were never presented to the state courts, the petitioner has obviously failed to satisfy the exhaustion requirement prior to the filing of this action. Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional

---

[3] In Tennessee, a prisoner need only raise his claims in the Tennessee Court of Criminal Appeals to satisfy the exhaustion requirement. Rule 39, Rules of the Tennessee Supreme Court; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

violations. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982).

In this instance, the petitioner has failed to properly exhaust his state court remedies for these claims. The petitioner has pled neither cause nor prejudice to explain why these claims were not offered to every level of the state court system for consideration. They would, therefore, appear to be procedurally defaulted. Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546 (1991); Murray v. Carrier, 106 S.Ct. 2639, 2649-50 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray, supra. Here, the petitioner has offered nothing to place his guilt in doubt. Consequently, the Court finds that the petitioner has forfeited his right to federal review of those claims that were never presented to the state courts.

The petitioner's remaining claim (Claim No. 1), i.e., the ineffectiveness of counsel, was fully litigated in the state courts and was found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir. 1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an

"unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The petitioner alleges that his attorney was ineffective for failing to introduce evidence of third party guilt in the homicide. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 90 S.Ct. 1441, 1449, n. 14 (1970). To establish a violation of this right, the petitioner bears the burden of showing that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the alleged deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

Following a post-conviction evidentiary hearing, the trial court found that this claim had no merit. Docket Entry No. 10; Addendum No. 9 at pgs. 31-33. The Tennessee Court of Criminal Appeals agreed by noting

> Moreover, the record demonstrates that trial counsel's decision to forego use of the purported impression evidence, which the trial court found was not credible, was made following consultation with the Appellant and obtaining the Appellant's consent. As noted, trial counsel was unable to reconcile the impressions with the Appellant's version of the facts, and the Appellant did not believe the evidence was accurate. Accordingly, we conclude that trial counsel's election not to utilize the impression evidence constituted an informed tactical

6

decision that was warranted under the facts of the case.

Docket Entry No. 10; Addendum No. 13 at pg. 8.

The state courts found that petitioner's attorney had made an informed tactical decision to exclude the evidence in question. They further found that the petitioner had agreed to the exclusion of this evidence. The exclusion of this evidence was reasonable under the circumstances. <u>Roe v. Flores-Ortega</u>, 120 S.Ct. 1029, 1037 (2000)(the relevant question is whether the decision was reasonable). The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of federal law. Consequently, this claim will not support an award of habeas corpus relief.

The petitioner has failed to state a claim upon which habeas corpus relief can be granted. Accordingly, the petition will be denied and this action shall be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

7